[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14452

_____

D.C. Docket No. 6:15-cv-01844-ACC-TBS

EDGAR LLORENTE,

Plaintiff - Appellant,

versus

JERRY L. DEMINGS

Defendant,

ELIAS GALLUP,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 30, 2018)

Before JORDAN, ROSENBAUM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Edgar Llorente ("Llorente") filed a 42 U.S.C. § 1983 suit alleging false arrest and malicious prosecution claims against Sheriff Jerry L. Demings ("Sheriff Demings") and Deputy Elias Gallup ("Deputy Gallup").  Sheriff Demings filed a motion to dismiss, which the district court granted, and the case proceeded against Deputy Gallup.  Llorente and Deputy Gallup filed cross motions for summary judgment, and the district court entered an order granting Deputy Gallup's motion for summary judgment on the basis of qualified immunity.

The district court's order granting summary judgment based on qualified immunity is subject to the de novo standard of review.  *Whittier v. Kobayashi*, 581 F.3d 1304, 1307 (11th Cir. 2009).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We view the evidence and make all reasonable inferences in the light most favorable to Llorente, as the non-moving party.  *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1243 (11th Cir. 2003).

Deputy Gallup contends that the district court correctly found that he was entitled to qualified immunity on Llorente's § 1983 false arrest claim because the stop and subsequent arrest were justified based upon three traffic violations committed by Llorente: (1) violation of F.S.A. § 316.074, Obedience to and

2

Required Traffic Control Devices; (2) violation of F.S.A. § 316.151, Required Position and Method of Turning at Intersections; and (3) violation of F.S.A. § 316.193, Driving Under the Influence.  After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm in part, reverse in part and remand.  We affirm the district court's disposition of Llorente's malicious prosecution claim, but reverse and remand its order on the false arrest claim.

First, we note that the district court accepted Deputy Gallup's assertion that Llorente's four or five lane changes while driving violated § 316.074, Obedience to and Required Traffic Control Devices; however, this statute does not prohibit such lane changes.  There are no allegations that Llorente's lane changes were prohibited by solid yellow lane lines or solid double white lane lines, and there are no allegations that any other official traffic control devices prohibited Llorente's maneuvers on his route during the time in question.  As such, we conclude that Llorente's lane changes do not give rise to arguable reasonable suspicion to detain him or arguable probable cause to arrest him in violation of § 316.074.

Second, the district court also agreed with Deputy Gallup that Llorente's left turn from Edgewater Drive to Lee Road, which Deputy Gallup alleged was made into a middle lane of Lee Road instead of the nearest available lane, violated

3

§ 316.151, Required Position and Method of Turning at Intersections.  However, this statute only requires that the turn be made from the extreme left hand lane lawfully available; the statute does not require that the turn be made to the extreme left hand lane lawfully available.  As such, Llorente's left turn onto Lee Road was legal under the statute.  Thus, we conclude that Deputy Gallup did not have arguable reasonable suspicion to detain Llorente or arguable probable cause to arrest Llorente under § 316.151.

Third, we conclude that the district court's analysis on the false arrest claim did not focus on information that was available to Deputy Gallup at the time that he stopped and then arrested Llorente.  (R. Doc. 54 p. 23).  *See Hunter v. Bryant*, 502 U.S. 224, 228, 112 S. Ct. 534, 537 (1991) (stating that courts should examine the question of qualified immunity by asking whether the official acted reasonably under the circumstances at the time the events in question were occurring, not some time period later).  Instead of meaningfully examining the conflicting testimony regarding the circumstances leading up to the traffic stop and arrest to determine whether Deputy Gallup had arguable probable suspicion to stop Llorente and arguable probable cause to arrest him for DUI, the district court relied on evidence obtained after Llorente was arrested and taken to the DUI Center.  This was error.  Our review of the record persuades us that there is a significant dispute

4

over Llorente's behavior during the stop and his performance on the field sobriety tests. Deputy Gallup claims that Llorente failed various sobriety tests, but Llorente asserts that he experienced no problems at all with the tests. This is a classic example of a genuine issue of disputed material fact.

In *Kingsland v. City of Miami*, 382 F.3d 1220, 1234–35 (11th Cir. 2004), we held that when there are multiple reasonable determinations of the facts, the existence of probable cause in a § 1983 action presents a jury question. Given the facts in the light most favorable to Llorente, we conclude that the district court improperly granted summary judgment to Deputy Gallup on Llorente's false arrest claim. Deputy Gallup is not entitled to qualified immunity on the false arrest claim at the summary judgment stage because, taking the facts in the light most favorable to Llorente, no reasonable police officer could have believed that Llorente's conduct at the time of the stop constituted driving under the influence.

Concerning the malicious prosecution claim, we agree with the district court's analysis and conclude that even considering the evidence in the light most favorable to Llorente, no genuine issues of material fact exist to support the elements of the common law tort of malicious prosecution. Accordingly, we affirm the district court's grant of summary judgment on the malicious prosecution claim, but reverse and remand as to the false arrest claim.

5

AFFIRMED in part, REVERSED in part and REMANDED.